**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **CHANI WIGGINS** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 1:17-cv-01492-TSE-IDD** |
| **ARC INTERNATIONAL NORTH AMERICA, LLC, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**FIRST AMENDED COMPLAINT**
**(Products Liability: Defective Glass Nesting Bowls)**
**(Negligence; Breach of Warranty)**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff alleges for her First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332, because this matter involves a controversy between citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

2. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

## PARTIES

3. Plaintiff is and was at all times relevant a resident of the District of Columbia.

4. Upon information and belief, Defendant Arc International North America, LLC ("Arc") is and was at all times relevant a business entity headquartered in the State of New Jersey, and engaged in the business of designing, manufacturing, and/or distributing to merchants such as Defendant Crate & Barrel, glass products including the dangerously defective product that directly and proximately caused Plaintiff's injuries.

5. Upon information and belief, Defendant Durand Glass Manufacturing Company, Inc., and Durand Glass Manufacturing Company, LLC (collectively, the "Durand Defendants"), are and were at all times relevant business entities headquartered in the State of New Jersey, and engaged in the business of designing, manufacturing, and/or distributing to merchants such as Defendant Crate & Barrel, glass products including the dangerously defective product that directly and proximately caused Plaintiff's injuries.

6. Upon information and belief, Defendant Euromarket Designs, Inc. d/b/a Crate & Barrel ("Crate & Barrel") is and was at all times relevant a business entity headquartered in the State of Illinois, and was licensed to conduct and was conducting business in the Commonwealth of Virginia.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

7. Upon information and belief, at all relevant times, Defendant Crate & Barrel owned, operated, and/or managed the Crate & Barrel store located at 2800 Clarendon Boulevard, Arlington, VA 22201 ("Arlington Store").

8. Upon information and belief, Defendants were at all times relevant engaged in the business of designing, manufacturing, importing, distributing and/or selling to consumers the dangerously defective product that directly and proximately caused Plaintiff's injuries.

**FACTS**

9. On November 26, 2015, Plaintiff was enjoying the Thanksgiving holiday with her family in Washington, DC.

10. Approximately four years prior, Plaintiff had purchased a set of Crate & Barrel microwave-safe glass nesting bowls ("Nesting Bowls" or "Nesting Bowl") from the Arlington Store. She used the bowls primarily for mixing ingredients.

11. On Thanksgiving Day, Plaintiff used the largest Nesting Bowl in the set to hold warm dinner rolls wrapped in paper towels. After dinner, Plaintiff took the bowl back to the kitchen and gently rested it on the counter near the sink.

12. Approximately two hours later, Plaintiff began to rinse the Nesting Bowl in the sink with water that was hot, but not scalding.

13. Immediately upon making contact with the hot water, the Nesting Bowl exploded in Plaintiff's hands into innumerable pieces.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

14. The shattered glass shards cut Plaintiff in multiple places on her hands, including a severe gash on her right wrist. Within minutes, her right middle finger had gone numb.

15. Plaintiff immediately went to the hospital, where she was treated for her injuries and diagnosed with damage to the median nerve of her right hand. She received five stitches, and was recommended to undergo surgery to repair the nerve.

16. Plaintiff underwent surgery in December 2015. Despite this surgery, Plaintiff's nerve damage was ultimately determined to be permanent, affecting the full function of her entire right, dominant hand.

17. As a direct and proximate result of the Nesting Bowl's explosion, Plaintiff suffered severe and permanent injuries, for which she has required extensive medical treatment and surgeries.

18. As a further direct and proximate result of the Nesting Bowl's explosion, Plaintiff has incurred, and will continue to incur, substantial expenses for medical care and attention; has suffered, and will continue to suffer, a loss of wages and loss of wage-earning capacity; and has suffered, and will continue to suffer, much physical pain and mental anguish, disfigurement, and deformity.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**COUNT I**
**(Negligent Design: All Defendants)**

19. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Defendants owed a duty to Plaintiff to exercise ordinary care to design the subject Nesting Bowls to be reasonably safe for their intended purpose and for any other reasonably foreseeable purposes.

21. Use in daily kitchen activity, including corresponding washings in hot but not scalding water, was an intended purpose or other reasonably foreseeable purpose of the Nesting Bowls.

22. Defendants breached this duty to Plaintiff because at the time they left the possession of Defendants and were sold to Plaintiff, the Nesting Bowls were in an unreasonably dangerous condition, in that they were not safe for their intended purpose and for any other reasonably foreseeable purposes.

23. Defendants breached their duty to Plaintiff in all or some of the following ways:

a. by failing to exercise ordinary care to design the subject Nesting Bowls to be reasonably safe for their intended purpose and for any other reasonable foreseeable purposes;

b. by failing to conduct testing adequate to discover design flaws that rendered the Nesting Bowls unreasonably dangerous to consumers under the

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

foreseeable circumstance of washing with hot water, thereby leading to a defective design;

24. As a direct and proximate result of Defendants' breach of their duty to exercise ordinary care in the design of the Nesting Bowls, the Nesting Bowl exploded, causing Plaintiff severe injuries and permanent damage to her dominant hand, as well as the damages set forth in paragraphs 17 and 18, above.

**COUNT II**
**(Negligent Manufacture: All Defendants)**

25. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Defendants owed a duty to Plaintiff to exercise ordinary care to manufacture the subject Nesting Bowls to be reasonably safe for their intended purpose and for any other reasonably foreseeable purposes.

27. Use in daily kitchen activity, including corresponding washings in hot but not scalding water, was an intended purpose or other reasonably foreseeable purpose of the Nesting Bowls.

28. Defendants breached this duty to Plaintiff because at the time they left the possession of Defendants and were sold to Plaintiff, the Nesting Bowls were in an unreasonably dangerous condition, in that they were not safe for their intended purpose and for any other reasonably foreseeable purposes.

29. Defendants breached their duty to Plaintiff in all or some of the following ways:

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

a. by failing to exercise ordinary care to manufacture the subject Nesting Bowls to be reasonably safe for their intended purpose and for any other reasonable foreseeable purposes;

b. by failing to conduct testing adequate to discover manufacturing defects that rendered the Nesting Bowls unreasonably dangerous to consumers under the foreseeable circumstance of washing with hot water, thereby causing defectively manufactured Nesting Bowls to be sold to consumers.

30. As a direct and proximate result of Defendants' breach of their duty to exercise ordinary care in the manufacture of the Nesting Bowls, the Nesting Bowl exploded, causing Plaintiff severe injuries and permanent damage to her dominant hand, as well as the damages set forth in paragraphs 17 and 18, above.

## COUNT III
## (Breach of Duty to Warn of Known Dangers: All Defendants)

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Plaintiff further alleges that Defendants owed Plaintiff a duty—both pre- and post-sale of the Nesting Bowls—to exercise reasonable care to inform her of the unreasonably dangerous and defective condition of the Nesting Bowls and/or of the facts which made them susceptible to being dangerous and/or defective, because Defendants:

a. knew or had reason to know that the Nesting Bowls were likely to be dangerous for the foreseeable use for which they were supplied, which included washing in hot but not scalding water;

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

b. knew or had reason to know that the Nesting Bowls were dangerous and defective when exposed to hot but not scalding water under foreseeable conditions;

c. knew or had reason to know that the exercise of ordinary care demanded that further testing be performed prior to selling the Nesting Bowls to consumers such as Plaintiff without adequate warnings concerning their resilience to thermal shock; and

d. knew or had reason to believe that purchasers and/or users of the Nesting Bowls, such as Chani Wiggins, would not appreciate and/or realize the dangerous and defective condition of the Nesting Bowls, including the extreme dangers or hazards associated with being exposed to or coming into contact with hot but not scalding water under foreseeable conditions.

33. Plaintiff further alleges that Defendants breached their duty to Plaintiff when they failed to exercise reasonable care to inform Ms. Wiggins of the Nesting Bowl's dangerous and defective condition and/or of the facts which make the Nesting Bowl likely to be dangerous and/or defective, which include being exposed to or coming in contact with hot but not scalding water under reasonably foreseeable circumstances.

34. As a direct and proximate result of Defendants' breach of their duty to warn consumers such as Plaintiff of known dangers, the Nesting Bowl exploded, causing Plaintiff severe injuries and permanent damage to her dominant hand, as well as the damages set forth in paragraphs 17 and 18, above.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

**COUNT IV**
**(Breach of Warranty: All Defendants)**

35. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. Plaintiff further alleges that each of Defendants is a merchant within the definition of Virginia Code § 8.2-104(1).

37. At the time the Nesting Bowls were sold and/or distributed by Defendants, Defendants expressly warranted that the Nesting Bowls were safe and fit for their intended purpose under foreseeable uses and conditions, and the Nesting Bowls were manufactured and sold with an implied warranty of merchantability.

38. Plaintiff further alleges that by placing the Nesting Bowls into the stream of commerce, and by selling them to Plaintiff Chani Wiggins, Defendants expressly or impliedly warranted that:

a. the Nesting Bowls were fit for the purpose for which they would ordinarily be used, which was daily kitchen activity, including corresponding washings in hot but not scalding water;

b. the Nesting Bowls were reasonably safe for their intended use, which was daily kitchen activity, including corresponding washings in hot but not scalding water; and

c. the Nesting Bowls were reasonably safe for foreseeable circumstances which included, but was not limited to, washing them in hot but not scalding water after daily kitchen activity.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

39. Plaintiff further alleges that upon the sale of the Nesting Bowls to Plaintiff Chani Wiggins, Defendants breached an express warranty, the implied warranty of merchantability, and the duty to exercise ordinary care to design and manufacture a reasonably safe product in that:

a. the Nesting Bowls were unreasonably dangerous for their intended purpose and for other reasonably foreseeable purposes;

b. the unreasonably dangerous condition existed when the Nesting Bowls left Defendants' hands; and

c. the Nesting Bowls were not changed in any way after the time of sale to Plaintiff Chani Wiggins.

40. As a direct and proximate result of Defendants' breaches of warranty, the Nesting Bowl exploded, causing Plaintiff severe injuries and permanent damage to her dominant hand, as well as the damages set forth in paragraphs 17 and 18, above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the full and just amount of Nine Hundred Fifty Thousand Dollars ($950,000.00) in compensatory damages, plus pre-judgment interest from the date of injury, post-judgment interest and costs.

**JURY DEMAND**

Plaintiff hereby demands a jury trial with respect to each claim in this Complaint.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Dated: January 9, 2018

Respectfully submitted,

REGAN ZAMBRI LONG, PLLC

By: /s/ *Patrick M. Regan*
Patrick M. Regan VSB #19743
pregan@reganfirm.com
Amy S. Griggs VSB #65515
agriggs@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of January, 2018, I electronically filed the foregoing Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Scott C. Hartin, Esquire
McKenry Dancigers Dawson PC
192 Ballard Court, Suite 400
Virginia Beach, VA 23462-6538
Ph: (757) 461-2500
Fx: (757) 461-2341
schartin@va-law.org
*Counsel for Defendants*

Respectfully submitted,

REGAN ZAMBRI LONG, PLLC

By: /s/ *Patrick M. Regan*
Patrick M. Regan VSB #19743
pregan@reganfirm.com
Amy S. Griggs VSB #65515
agriggs@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030